## (December 22, 1970)

EVANS J. KALL, Appellant-Respondent, v. CELIA KALL, Respondent-Appellant.

*Per Curiam.* Plaintiff, who was awarded a judgment of separation on the ground of abandonment and directed to pay alimony of $75 per week and additional counsel fee of $1,250 to defendant wife, appeals only from that part of the judgment entered June 16, 1970, which awarded alimony and additional counsel fee. Defendant wife cross-appeals only from that part of such judgment which awarded plaintiff a separation.

The parties were married in 1962. In 1966 the wife unsuccessfully instituted an action for separation. However, she was awarded alimony of $100 per week (later reduced by this court to $75 per week), and a counsel fee. There are no children of this union.

In awarding the separation to plaintiff husband, the court found as a fact that there were several good faith efforts by plaintiff to reconcile with defendant, which offers were rejected by defendant, and concluded as a matter of law that plaintiff is entitled to a judgment of separation on the ground of abandonment. In that connection, the court considered three letters written by plaintiff to defendant.

On this appeal, defendant contends the purported efforts at reconciliation as evidenced by the letters were contrived and should not have been considered. In other words, there was bad faith on the part of plaintiff.

Plaintiff urges good faith was found as a fact and, since the separation was

944

awarded on the basis of defendant's misconduct, the court could not award alimony to defendant.

Upon the trial, plaintiff again expressed his willingness to reconcile. This was rejected, defendant characterizing, without more, such expression and efforts by plaintiff to reconcile as insincere. We affirm the finding of good faith efforts at reconciliation and the award of a separation to plaintiff.

We think, however, it was an improvident exercise of discretion to award alimony to defendant. Defendant is employed and no good reason appears from the record why plaintiff should be compelled to support two households. Additionally, section 236 of the Domestic Relations Law, while apparently recognizing the power of the court to award alimony, seems, at least inferentially, to disapprove such awards when the wife's misconduct is the basis for the separation award. Especially would this seem applicable where the need is not evident or justice so dictates. Nor does the record in this very brief trial support the award of $1,250 counsel fee which appears excessive and unwarranted.

Judgment entered June 16, 1970, as appealed from, should be modified on the law, the facts and in the exercise of discretion to eliminate the award of alimony, reduce the counsel fee to the sum of $750, and as so modified the judgment appealed from should be otherwise affirmed, without costs or disbursements to either party. Concur — Stevens, P. J., Eager, Capozzoli, Tilzer and Bastow, JJ.

Judgment, Supreme Court, New York County, entered on June 16, 1970, as appealed from, unanimously modified, on the law, the facts and in the exercise of discretion, to eliminate the award of alimony, and to reduce the counsel fee to the sum of $750, and as so modified, the judgment is affirmed, without costs and without disbursements.